UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANGELA M. BROCK-SELLERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:26-CV-00020 |
| | § | |
| BOBBY SISCOE LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand this action to state court. (D.E. 7).

Having considered the motion (D.E. 7), supplements to the motion (D.E.s 9, 10),

Defendant's response (D.E. 18), Plaintiff's reply (D.E. 21), the record, and the applicable

law, the undersigned respectfully recommends that the motion (D.E. 7) be **GRANTED** and

this case be **REMANDED** to state court.

### I. BACKGROUND

This action was originally filed in the 156th Judicial District Court of Bee County,

Texas, on December 4, 2023. (D.E. 1-2, pg. 1). In her Second Amended Original Petition,

Plaintiff alleges Texas law causes of action arising from the purchase and sale of a

residential real property and alleges, among other things, negligence, negligent

misrepresentation, negligence per se, statutory fraud in a real estate transaction, alleged

DTPA violations, breach of contract, and breach of fiduciary duty against various

Defendants. (D.E. 1-6). On January 14, 2026, Defendant Bobby Siscoe, LLC d/b/a All-N-

1 / 7

One Home Inspections ("Defendant") removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Specifically, Defendant contends that the Plaintiff invoked the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 ("SCRA"), in her December 2025 filing "Supplemental Motion to Include Future Healthcare Costs for Mold Exposure under SCRA Veteran Protections and Consumer Laws" (D.E. 1-15). (D.E. 1, pg. 2). Defendant argues that § 3931, which is a provision of the SCRA that protects against default judgments, confers federal jurisdiction. Plaintiff subsequently moved to remand, arguing that the SCRA does not provide a basis for removal.

## II. LEGAL STANDARD

It is well settled that a removing party has the burden of proof to establish a federal court's jurisdiction. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir.2007); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). The district court "has wide, but not unfettered, discretion" in determining the evidence and facts to utilize in making its decision on jurisdiction. *Joseph v. Unitrin, Inc.*, No. 1:08–cv–77, 2008 WL 3822938 at *5 (E.D.Tex. Aug.12, 2208) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir.1996)). Initially, the court may rely on facts contained in the petition, notice of removal, and motion to remand. *Unitrin*, 2008 WL 3822938 at *5.

## III. DISCUSSION

Defendant's notice of removal relies almost exclusively on 50 U.S.C. § 3931, claiming that removal is appropriate under federal question jurisdiction pursuant to 28

U.S.C. § 1331 by implication of a substantial question of federal law. The question of whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only if a federal question is presented on the face of a properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Since plaintiffs are the "master[s] of the claim," they may bring or avoid bringing federal claims. *Id*. Thus, a plaintiff may rely solely on state law to avoid federal question jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 810 n. 6 (1986). Defendant, however, appears to attempt to implicate a different form of federal question jurisdiction. It appears to the Court that Defendant suggests that this court should assert jurisdiction over state law claims that turn on substantial questions of federal law.[1] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 312 (2005). This type of federal jurisdiction is a "special and small category" of cases. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

The Notice of Removal, while acknowledging this case is primarily a state law case, points to instances in the Supplemental Motion (D.E. 1-15) where Plaintiff relies upon the SCRA. Defendant also points to Plaintiff's continued assertion of her rights under the SCRA in her Motion to Remand (D.E. 7). The undersigned concludes that the SCRA does not provide Defendant with a basis for removal. First, the SCRA is not referred anywhere on the face of Plaintiff's second amended complaint, the operative pleading in the case[2].

---

[1] Defendants' acknowledge that the SCRA provides no cause of action itself.  (D.E. 18, pg. 3).

[2] The same logic applies to Defendants' brief argument regarding Plaintiff raising the wire fraud statute and Federal Trade Commission Act in her Supplemental Motion.  (D.E. 18, pg. 2).

Further, as the Supreme Court has made clear, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms.*, 478 U.S. at 813. Instead, "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Here, Defendant has not established any of the four elements. First, it is unnecessary to resolve any federal law issue to resolve Plaintiff's state law claims. Section 3931 protects active-duty military personnel from unfair default judgments in civil lawsuits. It requires plaintiffs to file an affidavit stating whether a defendant is in military service before a court can enter a default judgment. If the defendant is in the military, the court must appoint an attorney for them and may stay proceedings. The facts before the Court in this case are that Plaintiff is a veteran of the U.S. military, not an active military member. Secondly, there is no default judgment brought to this Court's attention in this case. Plaintiff filed a lawsuit based on the conditions of the residence she purchased. There is no evidence before the Court that there is any default judgment issue under the SCRA that must be decided before consideration of Plaintiff's state law claims. Further, Defendants acknowledge that the SCRA does not create a private right of action for monetary damages or injunctive remedies in their response.  (D.E. 18 pg. 3).

Second, there is no dispute over any federal issue. Specifically, the SCRA was created: (1) "to provide for, strengthen, and expedite the national defense" by allowing service members "to devote their entire energy to the defense needs of the Nation;" and (2) "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(1), (2). It is "read with an eye friendly to those who dropped their affairs to answer their country's call." *Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948). There is no dispute in this case that involves a default judgment issue against an active service member. Therefore, the Court cannot envision how the SCRA would be an issue of dispute in this case.

Third, this case does not involve a substantial question of federal law. Since its inception in 2023, all the claims in this case have been based on state law. Defendant's attempt to convert Plaintiff's supplemental motion into a new pleading after the lawsuit was pending for two years is unpersuasive. "'[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum .'" *Singh*, 538 F.3d at 338 (quoting *Grable*, 545 U.S. at 313). Defendant has not shown a substantial federal issue in this case based solely on state law claims.

The final element requires the Court to examine whether federal jurisdiction will disturb the balance of federal and state judicial responsibilities. The parties do not address this element. Because federal "'jurisdiction to hear a state-law claim always raises the

possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, ... there must always be an assessment of any disruptive portent in exercising federal jurisdiction.'" *Singh*, 538 F.3d at 338 (quoting Grable, 545 U.S. at 314)). Because this case involves only state law claims and has been in litigation before the state court for two years, this factor weighs against removal as well.

### IV. RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's motion (D.E. 7) should be **GRANTED** and this case be **REMANDED** to state court.

Respectfully submitted on March 11, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).